UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x

UNITED STATES OF AMERICA  :

    -v.-  :

HUGH BRIAN HANEY,  :

Defendant.  :

------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
FILED: 01/20/20

CONSENT PRELIMINARY ORDER OF
FORFEITURE AS TO SPECIFIC
PROPERTY /MONEY JUDGMENT

19 Cr. 541 (JSR)

WHEREAS, on or about July 29, 2019, HUGH BRIAN HANEY, (the "defendant"), was charged in a two-count Indictment, 19 Cr. 541 (JSR) (the "Indictment") with money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) (Count One); and engaging in monetary transactions in property derived from narcotics distribution, in violation of Title 18, United States Code, Section 1957(a) (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offenses alleged in Counts One and Two of the Indictment, and the following Specific Property:

        a.    $19,147,057 held in the account controlled by H. Brian Haney at Company-1

WHEREAS, on or about November 6, 2019, the defendant pled guilty to Counts One and Two of the Indictment, pursuant to an agreement with the Government;

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $19,147,057 in United States currency, representing the amount of property involved in the offenses charged in Counts One and Two of the Indictment;

WHEREAS, the defendant further consents to the forfeiture of all his right, title, and interest in (i) approximately $19,147,057 formerly held at Coinbase in account number 5a0000d054eb40010d2ecc8a held in the name of Hugh Brian Haney (the "Specific Property"), which constitutes property involved in the offenses charged in Counts One and Two of the Indictment;

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the property involved in the offenses charged in Counts One and Two of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorneys Tara La Morte and Samuel L. Raymond, of counsel, and the defendant, by and through his counsel, Martin Cohen, Esq., that:

1.      As a result of the offense charged in Counts One and Two of the Indictment, to which the defendant pled guilty, a money judgment in the amount of $19,147,057 in United States currency (the "Money Judgment"), representing the amount of property involved in the offenses charged in Counts One and Two of the Indictment shall be entered against the defendant.

2

2. As a result of the offenses charged in Counts One and Two of the Indictment, to which the defendant pled guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, HUGH BRIAN HANEY, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Customs and Border Protection ("CBP"), and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5. The United States Customs and Border Protection or its designee the Office of Fines, Penalties, and Forfeitures ("FP&F") is authorized to deposit the payments on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

3

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

4

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

5

15.     The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which will

be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for United States

By:

  TARA LA MORTE/SAMUEL L. RAYMOND                $2 / 12 / v$   DATE
  Assistant United States Attorney
  One Saint Andrew's Plaza
  New York, NY 10007
  Office: (212) 637-1041/6519
  Fax: (212) 637-0084

HUGH BRIAN HANEY
Defendant

By

  HUGH BRIAN HANEY                                $2-12-20$   DATE

By:

  Martin Cohen, Esq.                              $2-12-20$   DATE
  *(Counsel for the Defendant)*
  Federal Defenders
  52 Duane Street, 10th Floor
  New York, NY 10007
  Office: (212) 417-8737

SO ORDERED:

HONORABLE JED S. RAKOFF                           $2/12/20$   DATE
UNITED STATES DISTRICT JUDGE

6