UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA

    -v.-

HUGH BRIAN HANEY,

                 Defendant.

------------------------------------- x

CONSENT SECOND PRELIMINARY
ORDER OF FORFEITURE AS TO
SPECIFIC PROPERTY

19 Cr. 541 (JSR)

        WHEREAS, on or about July 29, 2019, HUGH BRIAN HANEY, (the "Defendant"), was charged in a two-count Indictment, 19 Cr. 541 (JSR) (the "Indictment"), with money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) (Count One); and engaging in monetary transactions in property derived from narcotics distribution, in violation of Title 18, United States Code, Section 1957(a) (Count Two);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offenses, or any property traceable to such property;

        WHEREAS, on or about November 6, 2019, the Defendant pled guilty to Counts One and Two of the Indictment, pursuant to an agreement with the Government;

        WHEREAS, on or about February 20, 2020, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property and a Money Judgment ("First Order of Forfeiture") imposing a forfeiture money judgment and forfeiting certain property as property involved in the offenses charged in Counts One and Two of the Indictment (D.E.17);

        WHEREAS, following the entry of the First Order of Forfeiture, the Government identified the following additional asset constituting property involved in the offenses charged in

Counts One and Two of the Indictment:

      a.    All funds on deposit in U.S. Bank National Association Account Number 130128395907 (the "Subject Property");

WHEREAS, the Defendant consents to the forfeiture of all but $500,000 in United States currency (the "Remaining Share") of the Subject Property (the "Specific Property");

WHEREAS, the Government consents to not seek the forfeiture of the Remaining Share;

WHEREAS, pursuant to 32.2(e)(1)(a) of the Federal Rules of Criminal Procedure the Court may, on the Government's motion, enter an order of forfeiture to include property located and identified after an original forfeiture order was entered; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Benjamin Gianforti, of counsel, and the Defendant, by and through his counsel, Florian Miedel, Esq., that:

1.    As a result of the offenses charged in Counts One and Two of the Indictment, to which the defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Second Preliminary Order of Forfeiture as to Specific Property is final as to the defendant, HUGH BRIAN HANEY, upon entry of this Consent Second Preliminary Order of Forfeiture as to Specific Property, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3.      Upon entry of this Consent Second Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.      The Government disclaims any interest in the Remaining Share and will take no action to seek the forfeiture of the Remaining Share.

5.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

6.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii)

3

shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

7. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

10. The Court shall retain jurisdiction to enforce this Consent Second Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

11. The signature page of this Consent Second Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York
Attorney for United States

By: _____         6/16/25
BENJAMIN A. GIANFORTI                 DATE
Assistant United States Attorney
26 Federal Plaza, 38th Floor
New York, NY 10007
Office: (212) 637-2490


HUGH BRIAN HANEY
Defendant

By _____          6-14-25
HUGH BRIAN HANEY                      DATE

By: _____         6/13/2025
Florian Miedel, Esq.                  DATE
(Counsel for the Defendant)
MIEDEL & MYSLIWIEC LLP
52 Duane Street
7th Floor
New York, New York 10007
(212) 616-3042

SO ORDERED:

_____             6/17/25
HONORABLE JED S. RAKOFF               DATE
UNITED STATES DISTRICT JUDGE